IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>TEVITA TOLUTAU,<br><br>                Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br>Case No. 2:08-CR-758-TC |

      In a Second Superseding Indictment Tevita Tolutau was charged with two counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and two counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Mr. Tolutau has moved to dismiss the Second Superseding Indictment against him based on a violation of the Speedy Trial Act. For the reasons set forth below, Mr. Tolutau's motion is GRANTED but the Second Superseding Indictment is DISMISSED WITHOUT PREJUDICE instead of with prejudice.

## PROCEDURAL HISTORY OF THIS CASE[1]

      Mr. Tolutau was charged in a Superseding Indictment on August 5, 2009. He was

---

[1] The following is an excerpt of the complete history of the case and focuses only on events relating to continuances of the trial. The facts have been taken from Mr. Tolutau's motion, the Government's response, and information contained on the docket in this case. Not all events resulting in excludable time under the Speedy Trial Act are discussed—several pretrial motions were filed by Co-Defendants that might have resulted in some excludable time but that do not affect the court's analysis of Mr. Tolutau's motion.

arraigned one week later, on August 12, 2009.  A trial date had already been set for September 14, 2009.  During the arraignment, the Government moved for a new trial date, but the court denied the motion because of the other Defendants involved in the case.  (Dkt. No. 47.)

On August 25, 2009, Mr. Tolutau filed a Motion to Continue Trial.  Mr. Tolutau claimed that the "defense require[d] additional time to obtain discovery and otherwise prepare for the case."  (Dkt. No. 60.)  The court granted Mr. Tolutau's Motion to Continue and continued the trial to November 17, 2009.  The court used Mr. Tolutau's proposed order (Dkt. No. 60-1) and excluded the time from September 15 to November 17, 2009 (Dkt. No. 70, docket text).  Neither the written order nor the docket entry provided any reasons for the continuance.

Mr. Tolutau filed a second Motion to Continue Trial on November 5, 2009, contending that he "require[d] additional time to obtain discovery and otherwise prepare the case."  (Dkt. No. 78.)  He represented that he "would waive any speedy trial claim related to this request."  (Id.)  The court granted Mr. Tolutau's motion, again using the proposed order (Dkt. No. 78-1) submitted by Mr. Tolutau.  (Dkt. No. 81.)  Trial was reset for January 19, 2010, and the time from November 18, 2009, to January 19, 2010, was excluded for "ends of justice" without giving reasons.  (Dkt. No. 81, docket text.)

On December 22, 2009, during the time excluded by the November 6, 2009, Order, Mr. Tolutau's Co-Defendant Eric Kamahele filed a Motion to Compel Discovery (Dkt. No. 87) and a Motion for a <u>James</u> Hearing (Dkt. No. 88).  The filing of these motions triggered 18 U.S.C. § 3162(h)(1)(D), which excludes "delay resulting from any pretrial motion, from the filing of the

motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[2]

Shortly before the January 19, 2010, trial was to begin, Co-Defendant Mataika Tuai filed a Motion to Continue, which Mr. Tolutau joined. The court granted Mr. Tuai's motion and continued the trial to April 27, 2010. The court made specific findings supporting the continuance and exclusion of the time between January 19 and April 27, 2010:

> Present counsel for the Defendant was appointed on November 17, 2008. This case is complex and involves allegations of interference with commerce by threat or violence and violent crime. Parties need additional time to meet with forensics video expert regarding the Wal-Mart surveillance related to the case. Based upon the given reasons, it is reasonable that the parties need additional time to meet with expert regarding video before trial. It would be unreasonable to expect defense counsel to be adequately prepared for trial within the time limits set out in the Speedy Trial Act in a case of this nature. Therefore, failure to grant a continuance in this case could likely result in a miscarriage of justice. The Court also finds that the ends of justice served by this continuance outweigh the interest of the public and the defendant in a speedy trial.

(Dkt. No. 92 at 1-2.)

On April 12, 2010, Mr. Tolutau filed his third Motion to Continue. Mr. Tolutau claimed that "the parties require[d] additional time to reach a negotiated plea" and again agreed to "waive any speedy trial claim related to this request." (Dkt. No. 110.) The court granted Mr. Tolutau's motion and continued the trial to June 21, 2010. The time between April 27 and June 21, 2010, was excluded "to allow the parties sufficient time for preparation, and specifically to conclude investigation related to plea negotiations." (Dkt. No. 112 at 1.) The court found that the continuance was appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv) because "the ends of justice

---

[2] The Government did not provide any argument about when the excludable time under § 3162(h)(1)(D) ended. As discussed below, it makes little difference because more than seventy days of untolled time had already passed when Mr. Kamahele filed his motions on December 22, 2009.

motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[2]

Shortly before the January 19, 2010, trial was to begin, Co-Defendant Mataika Tuai filed a Motion to Continue, which Mr. Tolutau joined. The court granted Mr. Tuai's motion and continued the trial to April 27, 2010. The court made specific findings supporting the continuance and exclusion of the time between January 19 and April 27, 2010:

> Present counsel for the Defendant was appointed on November 17, 2008. This case is complex and involves allegations of interference with commerce by threat or violence and violent crime. Parties need additional time to meet with forensics video expert regarding the Wal-Mart surveillance related to the case. Based upon the given reasons, it is reasonable that the parties need additional time to meet with expert regarding video before trial. It would be unreasonable to expect defense counsel to be adequately prepared for trial within the time limits set out in the Speedy Trial Act in a case of this nature. Therefore, failure to grant a continuance in this case could likely result in a miscarriage of justice. The Court also finds that the ends of justice served by this continuance outweigh the interest of the public and the defendant in a speedy trial.

(Dkt. No. 92 at 1-2.)

On April 12, 2010, Mr. Tolutau filed his third Motion to Continue. Mr. Tolutau claimed that "the parties require[d] additional time to reach a negotiated plea" and again agreed to "waive any speedy trial claim related to this request." (Dkt. No. 110.) The court granted Mr. Tolutau's motion and continued the trial to June 21, 2010. The time between April 27 and June 21, 2010, was excluded "to allow the parties sufficient time for preparation, and specifically to conclude investigation related to plea negotiations." (Dkt. No. 112 at 1.) The court found that the continuance was appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv) because "the ends of justice

---

[2] The Government did not provide any argument about when the excludable time under § 3162(h)(1)(D) ended. As discussed below, it makes little difference because more than seventy days of untolled time had already passed when Mr. Kamahele filed his motions on December 22, 2009.

motion through the conclusion of the hearing on, or other prompt disposition of, such motion."[2]

Shortly before the January 19, 2010, trial was to begin, Co-Defendant Mataika Tuai filed a Motion to Continue, which Mr. Tolutau joined. The court granted Mr. Tuai's motion and continued the trial to April 27, 2010. The court made specific findings supporting the continuance and exclusion of the time between January 19 and April 27, 2010:

> Present counsel for the Defendant was appointed on November 17, 2008. This case is complex and involves allegations of interference with commerce by threat or violence and violent crime. Parties need additional time to meet with forensics video expert regarding the Wal-Mart surveillance related to the case. Based upon the given reasons, it is reasonable that the parties need additional time to meet with expert regarding video before trial. It would be unreasonable to expect defense counsel to be adequately prepared for trial within the time limits set out in the Speedy Trial Act in a case of this nature. Therefore, failure to grant a continuance in this case could likely result in a miscarriage of justice. The Court also finds that the ends of justice served by this continuance outweigh the interest of the public and the defendant in a speedy trial.

(Dkt. No. 92 at 1-2.)

On April 12, 2010, Mr. Tolutau filed his third Motion to Continue. Mr. Tolutau claimed that "the parties require[d] additional time to reach a negotiated plea" and again agreed to "waive any speedy trial claim related to this request." (Dkt. No. 110.) The court granted Mr. Tolutau's motion and continued the trial to June 21, 2010. The time between April 27 and June 21, 2010, was excluded "to allow the parties sufficient time for preparation, and specifically to conclude investigation related to plea negotiations." (Dkt. No. 112 at 1.) The court found that the continuance was appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv) because "the ends of justice

---

[2] The Government did not provide any argument about when the excludable time under § 3162(h)(1)(D) ended. As discussed below, it makes little difference because more than seventy days of untolled time had already passed when Mr. Kamahele filed his motions on December 22, 2009.

served by the extension of the speedy trial deadlines outweigh the best interest of the public and the defendant in a speedy trial." (Id.)

The Government filed a Second Superseding Indictment on May 6, 2010, charging twelve additional Defendants. After the Defendants were arraigned, the court issued an order striking the June 21, 2010, trial date and setting a scheduling conference for August 23, 2010. The court excluded the time between May 12 and August 23, 2010, because "the defendants need time to review the discovery." (Dkt. No. 203.) The court held the scheduling conference on July 21, 2010, and continued the trial without a date. The time "between July 21, 2010, and the trial date (to be scheduled at a later time)" was excluded "in accordance with the provisions of 18 U.S.C. §§ 3161(h)(1)(F), (h)(7)(A) and (h)(7)(ii)." (Dkt. No. 317.)

On January 12, 2011, Co-Defendant Kepa Maumau filed a Motion for a Daubert Hearing, which Mr. Tolutau joined on January 26, 2011. This again triggered 18 U.S.C. § 3162(h)(1)(D). The court held a scheduling conference on March 22, 2011, and set a Daubert hearing for May 6 and a thirty-day jury trial for September 6, 2011. The time from March 22 to September 6, 2011, was excluded:

> [t]he additional time is necessary under 18 U.S.C. § 3161(h)(8)(B)(I) because, as demonstrated by the record of this case (including the record created during the March 22, 2011 status conference), the United States and each of the seventeen Defendants in this complex criminal RICO case (which has generated a tremendous amount of discovery) need adequate time to resolve pre-trial issues raised in pending defense motions (e.g., whether to suppress evidence against certain defendants, whether to admit proposed expert witness testimony being challenged under Daubert, and whether to admit co-conspirator statements under James). In addition, the parties need adequate time to resolve plea negotiations and prepare for the scheduled thirty-day trial.

(Dkt. No. 497 at 3.)

Two months before trial, the court severed Mr. Tolutau, Co-Defendant Viliami Loumoli, and Co-Defendant Siale Angilau from the September 6, 2011, trial because of attorney conflicts. A two-week trial for these Defendants was scheduled for February 6, 2012. The time between September 6, 2011, and February 6, 2012, was excluded

> because the ends of justice served by the continuance outweigh the best interest of the public and the Defendants in a speedy trial. The additional time is necessary under 18 U.S.C. § 3161(h)(7)(B) because, as demonstrated by the record of this case (including the record created during the July 21, 2011 status conference), newly appointed counsel for Mr. Angilau, Mr. Loumoli, and Mr. Tolutau in this complex criminal RICO case (which has generated a tremendous amount of discovery) need adequate time to become familiar with the case and effectively prepare for trial.

(Dkt. No. 688 at 2.)

Mr. Tolutau has now filed a Motion to Dismiss based on a violation of the Speedy Trial Act. Mr. Tolutau contends that the orders issued by the court on September 2 and November 6, 2009, and January 14, 2010, were "inadequate to toll the Speedy Trial clock," resulting in a "grand total of 257 days of untolled Speedy Trial Act time as of April 27, 2010." (Tolutau Mot. Dismiss [Dkt. No. 1219] at 2.) He "believes there are additional and further Speedy Trial Act violations which have occurred" but that to make this determination he would need to order transcripts of the May 12 and June 2, 2010, hearings before Judge Alba and "go through another 1,000 or so docket entries." (Id. at 3.)

The Government agrees that the September 2 and November 6, 2009, "orders to continue did not lay out adequate reasons for the continuances, but submits that any dismissal of the case should be done without prejudice." (Gov. Resp. [Dkt. No. 1250] at 1.) The Government contends that the case should be dismissed without prejudice because: 1) the crimes charged against Mr. Tolutau are serious offenses; 2) there was no wrongdoing by the Government, the

5

delay was not purposeful, did not benefit the Government, and was not the result of improper or ulterior motive; and 3) Mr. Tolutau has not been materially or significantly prejudiced by the delay.  Mr. Tolutau did not submit a reply and the time to do so has passed.

## ANALYSIS

**Violation of the Speedy Trial Act**

Under the Speedy Trial Act, a defendant must be brought to trial within seventy days of the latter of the filing of the indictment or the date the defendant appeared before the court.  18 U.S.C. § 3161(c).  Certain periods of delay, described in § 3161(h), are excluded from the seventy days.  "If a defendant is not brought to trial within the [seventy days] required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2).

The Government concedes that the September 2 and November 6, 2009,[3] Orders do not offer adequate findings under United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009). Accordingly, the time from August 12 (Mr. Tolutau's initial arraignment) to December 22, 2009 (the date Mr. Kamahele filed two pre-trial motions), is not excluded from the Speedy Trial calculation and 132 days passed without Mr. Tolutau proceeding to trial.

Mr. Tolutau also contends that the order issued on January 14, 2010, (Dkt. No. 92) was

---

[3] Even though Mr. Tolutau agreed in his Motion to Continue that resulted in the November 6, 2009, Order to "waive any speedy trial claim related to this request," this does not cure the deficiencies of the November 6 Order.  The "provisions of the Speedy Trial Act cannot be waived by a defendant acting unilaterally because it would compromise the public interest in speedy justice."  United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993).  Accordingly, Mr. Tolutau's "waiver" of any Speedy Trial claim arising from the November 6, 2009, Order has no effect.

insufficient to toll the time under the Speedy Trial Act and an additional ninety-eight days of untolled time passed. When the court grants an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." Toombs, 574 F.3d at 1269 (quoting United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir. 1998)). And the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." Toombs, 574 F.3d at 1271. The court's January 14, 2010, Order complies with these requirements. The court made specific findings of the events justifying the continuance and explained why the ends of justice would be served by granting the continuance. Accordingly, the January 14, 2010, Order is not defective and the ninety-eight days between January 19 and April 27, 2010, were properly excluded.

But because the Speedy Trial Act was violated when 132 days of untolled time passed without Mr. Tolutau proceeding to trial, the Second Superseding Indictment against Mr. Tolutau must be dismissed. 18 U.S.C. § 3162(a)(2). The question then is whether the Second Superseding Indictment should be dismissed with or without prejudice.

**Dismissal With or Without Prejudice**

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); see also United States v. Cano-Silva, 401 F.3d 1031, 1034 (10th Cir. 2005). "Prejudice to the defendant is among the 'other' factors the text of § 3162 directs the district court to consider."

United States v. Abdush-Shakur, 465 F.3d 458, 462 (10th Cir. 2006) (citing United States v. Taylor, 487 U.S. 326, 334 (1988)).

### Seriousness of the Offense

When the defendant is charged with serious offenses, "this factor weighs in favor of dismissing without prejudice." Saltzman, 488 F.2d at 1093.

Here, Mr. Tolutau was charged with four counts: two counts of Hobbs Act Robbery and two counts of using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Both of these crimes are serious. See United States v. Rushin, 642 F.3d 1299, 1308 (10th Cir. 2011) (finding charges of six robberies involving a firearm to be "quite serious," justifying dismissal without prejudice); United States v. Law, 526 F. Supp. 513, 519 (E.D. Pa. 2007) (finding a gun charge under 18 U.S.C. § 924(c) to be a serious charge); United States v. Freeman, No. CRIM. 2001-044, 2001 WL 1739133, at *3 (D.V.I. Nov. 30, 2001) (finding a gun charge under 18 U.S.C. § 924(c) to be a "very serious offense[]"). A conviction for one of the Hobbs Act robberies carries a possible term of imprisonment of up to twenty years and a fine of up to $250,000. The gun charges under 18 U.S.C. § 924(c) carry a possible term of imprisonment for life, a minimum mandatory term of seven years for the first conviction and a minimum mandatory term of twenty-five years for a possible second conviction; the term of imprisonment for the gun charges must run concurrently. Given the seriousness of the four charges against Mr. Tolutau, this factor weighs in favor of dismissal without prejudice.

### Facts and Circumstances Leading to Dismissal

"In determining whether the facts and circumstances warrant dismissal with prejudice, [courts] focus on the culpability of the conduct that led to the delay." Cano-Silva, 401 F.3d at

1036. "If the violation is the result of 'intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy.'" Id. (quoting Saltzman, 984 F.2d at 1093). "Whether the defendant was 'partially responsible for the delay' should also be taken into consideration." Rushin, 642 F.3d at 1314 (quoting United States v. Williams, 576 F.3d 1149, 1158 (10th Cir. 2009)).

Here, there is no evidence that the government acted in bad faith or exhibited a pattern of neglectful or dilatory behavior. And Mr. Tolutau was responsible for a portion of, if not all of, the delay: Mr. Tolutau filed the two motions to continue that resulted in the violation of the Speedy Trial Act and provided the proposed orders that were ultimately used by the court. The Government had no part in requesting these continuances or in preparing the orders to continue. Looking beyond the initial violation of the Speedy Trial Act to any other potential violations, all further continuances were the result of either a motion filed by Mr. Tolutau, a motion filed by a Co-Defendant, or a continuance ordered *sua sponte* by the court. The Government did not file any motions to continue that resulted in a continuance of the trial.

The manner in which Mr. Tolutau asserted his Speedy Trial rights must also be considered. "[A] defendant that lets the time run without asserting his rights under the Act has less of a claim to a dismissal with prejudice than a defendant who makes a timely assertion, but is unheeded." United States v. Jones, 213 F.3d 1253, 1257 (10th Cir. 2000).

Mr. Tolutau twice attempted to waive any Speedy Trial claim he might have as a result of continuances he sought: first, for the continuance granted in the November 6, 2009, Order (Dkt. No. 92); and second, for the continuance granted in the April 13, 2010, Order (Dkt. No. 112). And it wasn't until nearly two years after the violation occurred that Mr. Tolutau asserted his

9

Speedy Trial Act rights by bringing this Motion to Dismiss. Rather, Mr. Tolutau continued to prepare for trial and even filed a third motion to continue and joined in a Co-Defendant's motion to continue.

The fact that the violation of the Speedy Trial Act was not a result of any culpable conduct of the Government and that Mr. Tolutau "let the time run without asserting his rights," Jones, 213 F.3d at 1253, and proceeded to request further continuances weighs in favor of dismissal without prejudice.

Prejudice to the Defendant

"Absent a showing of appreciable prejudice to the defendant, a district court generally should dismiss serious charges without prejudice . . . unless the delay is extended and attributable to 'intentional dilatory conduct, or a pattern of neglect on the part of the Government.'" Rushin, 642 F.3d at 1304 (quoting Saltzman, 984 F.2d at 1093). "The defendant has a burden under the Act to show prejudice other than that occasioned by the original filing." Williams, 576 F.3d at 1159.

Mr. Tolutau did not submit any argument on the prejudice that he suffered as a result of the violation of the Speedy Trial Act. But the court is aware that Mr. Tolutau has been in custody since he was arraigned on August 12, 2009. The first 132 days spent in custody were days that were not excluded under the Speedy Trial Act. Accordingly, as a result of the violation, Mr. Tolutau spent at least sixty-two additional days in custody.[4] This is not insignificant. But in

---

[4] The violation did not occur until after the first seventy days passed without Mr. Tolutau proceeding to trial. And the time spent in custody since then has not been shown to be a result of a violation of the Speedy Trial Act.

light of the other factors discussed above and the lack of any evidence presented by Mr. Tolutau on this factor, the court finds that the prejudice suffered by Mr. Tolutau does not require dismissal with prejudice.

<u>Impact of Reprosecution on Administration of the Speedy Trial Act and Justice</u>

"In determining whether a dismissal with or without prejudice serves the administration of the Speedy Trial Act and of justice, a court should consider, among other factors, whether the delay caused by the Government was intentional and the prejudice suffered by the defendant from the Act's violation." <u>Williams</u>, 576 F.3d at 1159.

As discussed above, there is no evidence that the Government engaged in intentionally dilatory conduct or caused any delay and Mr. Tolutau has failed to demonstrate sufficient prejudice to require dismissal with prejudice. These factors, combined with the fact that Mr. Tolutau waited until only two months before trial and after more than two years of preparation to assert his Speedy Trial rights have convinced the court that dismissal without prejudice serves the administration of the Act and of justice. <u>See</u> <u>Jones</u>, 213 F.3d at 1258 (finding no error in the district court's conclusion that "the administration of the Speedy Trial Act and the administration of justice would not be harmed by dismissal without prejudice" in part because of "the timing and manner in which the Speedy Trial Act claim was brought to the court's attention, specifically on the eve of trial"). "Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute." <u>Rushin</u>, 642 F.3d at 1308 (quoting <u>Taylor</u>, 487 U.S. at 342).

**CONCLUSION**

For the foregoing reasons, Mr. Tolutau's Motion to Dismiss (Dkt. No. 1219) is

GRANTED and the Second Superseding Indictment against Mr. Tolutau is DISMISSED WITHOUT PREJUDICE under 18 U.S.C. § 3162(a)(2).

SO ORDERED this 5th day of January, 2012.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge